In this case, I'm going to call to a letter of 726, D.C. State of Illinois v. Sandra Haissig and Edward Golden on behalf of the athletes, Mr. Gregory Nikitas, on behalf of the athletes, Ms. Joan M. Kirk. Mr. Nikitas or Nikitas? Nikitas. That's what I thought. I knew a Jerry Nikitas a long time ago. And I assume the Greeks pronounced the names, or the vowels, the same way. There's one way, Judge. That's the way I was brought up. Okay, thank you. Good morning. Greg Nikitas on behalf of the appellant, Sandra Haissig and Ed Golden, and may it please the Court, we are finally here to argue what are the original, what would have been the original appellate claims of these two defendants. Obviously, you're aware of the procedural history, but we can now at least focus on what we believe is the narrow issue before this Court. That is whether this ruling was correct in light of Illinois law and in light of the facts of this case. We would submit to you that the defendants set up a company to circumvent their own corporate structure and rules and policies. But what is interesting about this case is that we believe, demonstrated in the record, is that all of the work that was contracted for by this company was performed. There's nothing in the record to suggest otherwise. If I have a lawn care service, Brown's lawn care service, and they collect after they finish the lawn each week, and the truck pulls in, there's a sign on the side of the truck that says Brown's lawn care. They do the lawn, they do a nice job. A gentleman comes to the door, I hand him a check, and then a half hour later, the real Brown's truck shows up and says, I'm here to do the lawn. I just paid Brown's, and it's determined that that person was perpetrating a fraud. Is there a theft? Is there a theft? I think, Your Honor, I think what we would say to that is that it depends what the law... Is there a theft? Under Illinois law, we would say to Your Honor that while there may be deceit and while there may be fraud, without getting into too much detail about the facts you've presented, I mean, I don't know if you've contracted... The same facts on a different scale. How is that different than your case? You've contracted as a homeowner with, you believe, to be this lawn care company. But other individuals come and do that work. Those are anonymous individuals to you who perform the work. Here, how about a doctor, a person who holds himself to be a doctor who sutures a wound and takes money for it, but it turns out he's not a doctor. Is that a theft by deception? And we're assuming that there's no damage to the patient. To me, it's hard to say that there isn't deception going on because obviously that person has held themselves out to be something that they're not. Where in the elements of the theft statute does it say there has to be a loss of benefit for unauthorized control to exist? I think we're operating a lot on the People v. Cottler's case. I'm familiar with that case. I'm sure you are, Your Honor. And so you know very well about what happened there where this was fraudulently established to set up this commission that was received. And a commission is not something that would have been entitled for that individual to receive but for the way that this was set up. And it was set up with that in mind, with a fraudulent purpose in mind. Now, in this case, we have the fraudulent purpose that... The price for the contract in Cottler's never changed. That's true. Never changed. It was always the same amount, so there was no loss to the tollway overall. So the issues in Cottler's are different than the issues in this case, but what remains is there does not have to be economic loss to the victim for theft by deception or unauthorized control to occur. Do you have a case that says, that stands for the proposition that there has to be economic loss for a theft by deception to occur? I can't find one, Your Honor. And I think even when we go back to what Learned Hand said, and we might argue with Learned Hand that, as you were mentioning with your hypotheticals, that it's still seen that there's fraud, there's deception. What we have is our position that, for whatever reason, these two set this company up to do business, but they did perform the work. There's no getting around the fact that Abbott received the work that they contracted for. This really boils down to the trial court found that they committed the theft even though, quote unquote, value was given in some instances. I thought that possibly there was some allegation that they charged or billed for services to elevators that they didn't provide. I don't recall what happened with that. The point is, the questions that Justice Burkett asked are consistent with following the logic of whether or not you can have theft. If some consideration is given in some sort of quid pro quo, that's what we're here for, and we would appreciate it if you'd try and convince us that the trial court was wrong. I think that there are other potential statutes that may be implicated here, maybe deceptive practices to some degree, because the defendants never possessed anything that they didn't do the work for. We're left with the record as it is. It's a little bit unclear, but Judge McCoskey ultimately never found, I think, following up with what you said, Justice McLaren, that the work wasn't done. We're left with that in the record. Their deceptive practice may be implicated because of the formulation and the conception of this company to do business with Abbott. To us, maybe that's more appropriate, but because there's no authority, because we're left with the way the Illinois laws are written, that it is, whether Abbott was deprived of the use of their property, we would argue that they were not. For that reason, we believe that that element and only that element is what is not met. I can't argue that these people come to you with clean hands. I can't argue that there wasn't some fraud in the establishment of their enterprise, but what we can say is that they did the work. In light of that and the way the Illinois laws are written, we would argue that they're not guilty of that offense. ... ... You quoted a headnote, People v. Hoy. You're familiar with the local rule, Rule 8 to the Uniform Administrative and Procedural Rules for the Appellate Courts. You're supposed to attach a copy of the case with the... I should be, Your Honor. Are you familiar with that rule? Yes. Too late. In this particular case, you have months of trial testimony where everything is comprehensively sorted through, details about all kinds of work. It's interesting that Mr. Golden is one of the handful of people in the country who's qualified to do this work. He does have qualifications to perform this work, and he did. He has the expertise. In fact, that's his chosen field. He did it. But again, there is no getting around what the original intent of the parties was in establishing this. It's up to you, I guess, to determine for us whether the statutes as presently written in Illinois cover this particular situation. You acknowledge that he obtained the benefit or the payment for his services by deception? Correct. I don't know that there's any proper argument that could be made to the contrary. And those are the statutory elements of the offense. Well, but we would argue that with respect to the deprivation issue and the possession issue... Rather than the theft of what the company bills, why wouldn't it be theft of what salaries or wages were paid by Abbott? To them? To the defendants. On the basis that having been paid a salary or a wage to do essentially the same things that the corporation or the business was doing, that they were stealing their wages because they should have been doing it as an employee rather than as a non-employee. I don't know that I can answer that based on what's in the record. I do know that Ms. Heise has a particular education and expertise that is not in this area. So there's nothing that leads me to believe that she didn't do what she was supposed to do during the workday. There was no restitution order. How does that fact relate to tending to prove or disprove anything relative to guilt? We would argue that it's significant. We understand that it may not be The appellate prosecutor's office argues that in aggravated battery situations that restitution is in order. That means that you can't argue that it didn't occur. It's just whether restitution is present. In this case we believe Judge McCoskey looked at everything very clearly and he could not make any findings. And so that is significant and that is something that obviously we pick up and proceed with as we appear before your honors because if there were any damage, any pecuniary loss it would have been covered in the sentencing hearing and he would have made a ruling on it. But there wasn't. Not a single thing. Not a dime. So there couldn't be a finding made that this work wasn't done or as you bring up Justice McLaren that somehow Abbott was deprived because these individuals spent their workday working on this private enterprise. When we look at that particular element of the theft statute and the fact that there is no restitution ordered, we think it is significant because it reveals that there was no loss. That happens every day in retail theft cases where there's no loss but nevertheless people are prosecuted for taking items that are recovered immediately. There's no economic loss but theft nonetheless has occurred. How is it any different other than the fact that the element of deception is used as opposed to taking an item? How is it any different? In retail theft cases, one thing that I always found when I was a prosecutor is that these stores have to maintain and employ individuals to do their own security. So it could be argued that they're entitled to some restitution based on the hours or the amount that they're paid to employ these people to monitor the situation. I think what's difficult is that in this case we can't point to a single thing over the months and months that there was testimony of something not being done as arranged, contracted, or understood. Even though someone forms the intent to leave the store without a warrant, I don't know how many people set this company up to do exactly what they did which was do the work. I don't know that the statute itself I mean the retail theft statute is very clear but this particular statute that we're operating under, theft by deception, may not be so clear as to cover this particular instance. Isn't the focus of both the intent really? The intent to deprive the owner permanently of the use or benefit of the property and certainly the use of their own property. I mean Abbott certainly would be entitled to spend its money in the way it felt appropriate. But the focus is really the intent and that would be the same in retail theft as well as this offense. I mean I've got to submit to the court even more so because this is just a private citizen who walks into Justice Burkett's example. I mean we understand what these defendants did with establishing their company. Doesn't one who obtains property by deception have you're gaining unauthorized control if you do deception to gain control of the property? Isn't that what the law says? Well, we know that possession is not used by the legislature in this particular statute. I think it's just a question of whether The property is the money that Abbott paid. The property is not the loss or the gain of any benefit to Abbott. The property that's taken by deception is the payment for the services that your clients were not entitled to perform under the terms of their contract with Abbott, the conditions of their employment. They were not entitled to do this work. So it's the payment. Do you have a case that suggests that is not a theft? I do not know. I could not find one. And I don't know that Judge McCoskey could either. We've tried to modify and that's our position is that it's not there. I understand and I don't take issue with what you're saying and what the intent of these individuals may have been or clearly was, but we apply the laws to the facts in the case here and when the laws apply directly, we don't believe that it covers this particular situation, even utilizing what Cottwaters can show us. They've already served their sentence. Well, Your Honor, they're still being monitored by the probation department. On MSR or something? I thought that they were 36 months probation. Is the three years run? It has been deemed to not have run because of the proceedings that have occurred. You mean the probation has stayed? The probation is still in effect as I stand here before Your Honor today. You mean how long have they been under the rules of probation? 12 years. You're saying they were never discharged from probation? They were on probation and they've never been discharged by the probation department in Lake County? That is correct. Mr. Golden has been permitted. They have been given leeway to do certain things. In Mr. Golden's case, Your Honor, he is allowed to have employment in another state. He comes in monthly. In fact, yesterday was his probation meeting. He comes in monthly for his probation appointments and he continues to be monitored and tested as a probationer would be. And as far as Ms. Haysu goes, she is still under court jurisdiction as well. There is a state jail sentence with respect to Mr. Golden, I think, that has not been imposed in light of these proceedings and maybe other factors, but they are still under court jurisdiction in Lake County. And I jokingly tell my colleague, Ms. Kripke, that they've never picked up a speeding ticket in that time, but that's not part of the record. Well, maybe they haven't driven since then. I wish I had more to say, but it seems like such a narrow issue and a difficult one from our perspective. But, again, we feel that when you look at this, you will reverse the ruling of the trial court and we hope that's what you do. Thank you. Thank you. You'll have an opportunity to make the bar. Ms. Kripke. May I please support Joan Kripke on behalf of the people of the state of Illinois? Just briefly, Ms. Haysug was sentenced to 24 months of supervised probation and 8 months of work release. Mr. Golden was sentenced to 24 months of supervised probation and 11 months of work release. And through every appeal they have asked for their sentences to be stayed and that has been granted. We've asked the converse and asked them to fulfill their sentences and it's never been done. And so that's why they're still in limbo. This case is actually not before this court on direct appeal. It's here after the second stage dismissal of a many times amended successive post-conviction petition. Everybody agreed that the first stage of strickland was met, that the defendants received ineffective assistance of appellate counsel for failing to make a complete record on appeal, which was this court's ruling and affirming on direct appeal of the convictions. The second, what we contend, is that the defendants failed to show to the post-conviction court, they failed to prove up the second promise strickland, which was that but for their counsel's ineffectiveness, this court would have ruled otherwise. And we think they properly dismissed below and we think that they have not made their case on appeal. We believe that the main issue before you is that the defendants intended to permanently deprive Abbott of the use or benefit of their money. And it's those terms, the use or benefit of their money, which is really crucial. This is intangible. It's not a quid pro quo. It's not specific performance. They do not have to show that they actually lost money. First of all, as we pointed out in our brief, there really was no contract here, because there was never a meeting of the minds. And so any kind of civil remedy that would come under contract law just is inapplicable in this case. Judge McCoskey held in his ruling, he cited to a statute which I've actually cited to improperly, and I wanted to correct that now. It's 720 ILCS 5-17-1 capital A and then the small i's, three small i's. And I have it down as 13, because that's how it was transcribed improperly in the record. And that statute holds to act with the intent to defraud means to act willfully and with the specific intent to deceive or cheat. Elements that are conceded actually by the defendants in this case. For the purpose of causing financial loss to another or to bring financial gain to oneself. So it's irrelevant whether Abbott actually suffered any kind of financial loss, but it's clear that they wanted to bring financial gain to themselves. And Hasek said that. She said, well, if we told them who we were, they wouldn't have, you know, entertained a contract with us, which isn't necessarily so. And then we never would have gotten work. So their whole scheme was to set up this company. Why do you say it wasn't necessarily so? Because Abbott's rules were if you have a company or your immediate family members have a company that wants to provide services or supplies or whatever it is with Abbott, of course they can make it in a bid or come to Abbott. You can't discount them. You're saying they have to make disclosure. It's not a prohibition. Right. And they said, but we retain once that disclosure is made, we have to run it through our legal department. And that's what's really important here. Because the use or benefit of the money. Well, how did they not get the benefit if they got the elevator serviced? They got the service from the company, right? They did. Well, did they? So therefore they got a benefit. But the use or benefit of their money of something that as you pointed out before, this is what Abbott gets to determine, not the defendants. They don't get to say, we cut your grass, we fixed your elevators. What Abbott gets to say is how they want their money used. Yes, they wanted their elevators repaired, but they have certain parameters. One parameter is it has to be done by either an outside people, none of their employees, or there has to be this full disclosure. And let's look at something else. This is a publicly held corporation. They've got, first of all, and they've got obligations to their shareholders. There's all kinds of corporate rules and SEC rules and state rules and federal rules on how a corporation can behave. They also have probably insurance to guard against any kind of failure of these elevators where someone may be injured. Perhaps their insurance says these elevators can only be repaired by certified repair people. No, let's not speculate, please. But what we do know is that Sandra Hasig is an engineer. She is not a certified elevator repair person. It's nowhere in the record. Does any of that really matter? No, it doesn't. The bottom line is that Abbott should be able to choose and set guidelines. Isn't that your argument? That's my argument. If they were paying someone who was working for their company without their knowledge and that's where the deception was. That is the deception. They keep saying but they got their elevators repaired. There were some questions that were brought up before about the record. They were found not guilty of not having they were charged with theft in that they had failed to, they took money for repairs not done. And what the testimony was, there were like 45 people who testified in this case. There were numerous experts in elevator repair people and they said that it's commonplace in the industry that elevators are repaired with used parts. So they looked at specific invoices and they said well we can't tell if they were repaired or were not repaired. Also, was there theft was it done during business hours? Well, there was testimony that was very unclear that they could never really ascertain. Golden and Hasek said it was done after hours. It was never, the testimony the ability to prove that up was neither here nor there. That whole argument isn't before us. The only thing that's before us is whether or not a theft can occur just by loss of value because you're paying for the services that were intended to be performed anyway. That's our argument, yes. First of all, all they had to do was intend to deceive them. They didn't have to actually do anything. As you pointed out. But here they actually again, they are allowed, Abbott is allowed to determine how they want their money used or how they want benefit from their money. And if it doesn't fall within their parameters, their corporate guidelines whatever their shareholders say, then they have not received the use or benefit of their money. Well, what authority tells us that? I mean, because what if the intent was of the defendants to give Abbott the benefit of the bargain? I mean, what authority do we have that tells us that we have to look at Abbott's point of view as opposed to the defendants? Well, first of all, there's no bargain here. I mean, I will maintain that there is no contract. Well, there was consideration for I mean, there's no meeting of the minds. I mean, there's no meeting of the minds. It was fraught from the beginning. Because it was always a fictitious person who was put forward as the head of elevator components, so how can Abbott contract with somebody that's a fiction that they don't really know with whom they're contracting? And second of all, Abbott had his own internal policy. It says in their handbook that they're not allowed to contract unless it meets their guidelines where they run it. If it's an internal person, if it's an employee of their company with whom they're trying to contract, they have to run it through their legal department. Otherwise, they can't enter into the contract. So neither party could really contract in this case. There was no meeting of the minds. So what says it has to be the use or benefit of Abbott's money? Let me look at the statute again. Because why? It doesn't even make sense. It would be the use or benefit of the money would be determined by the party who's rendering the service. It just doesn't make sense at all. If I were to put an ad in the paper and say I want somebody to cut my lawn, but it has to be someone who is within a certain parameter of my house because it's a blighted neighborhood and I want to give money. So someone comes when I say paint my house. So if they come and paint my house, I've gotten specific performance. That's true. It's like having my lawn redone. But if a person shows up and I say do you have to show me a valid driver's license? They show up with a driver's license, looks valid. Turns out it's a forgery. They don't live there. So did I get specific performance? Absolutely. Did I get the use or benefit of my money, which was the intent was to give that money to someone in this particular condition? Absolutely not. I didn't receive the use or benefit of my money. I can't and again it's not a matter of was and that goes back to the restitution issue. First of all I'm going to say we don't know what happened with restitution because as far as I recall there is no sentencing hearing included in the record on appeal. It's never been included nor has any post trial motions that may have been argued before the court. And so if Judge McCuskey ruled again on a post trial motion having to do with whether they were proven guilty beyond a reason of doubt, it's not before you. Second of all, and so just because restitution is noted in the judgment order doesn't mean that there was or was not a restitution hearing held. And second of all, again we'll say that just because restitution is not, first of all when you hold the restitution hearing you have to determine if the defendant can pay the restitution. And if the defendant can't pay the restitution. So that doesn't mean that harm didn't happen. It doesn't mean that the crime wasn't committed. It just means that restitution wasn't ordered. And so I don't think that proves whether anybody lost anything or not. And whether there was any harm that was that happened to the victim. I don't think I have anything else. Are there any other questions? Thank you. Thank you. Mr. Nikidas. Just a couple things. One, with respect to restitution and ability to pay etc. There were significant fines that were ordered as far as sentencing conditions against each defendant. They were able to remain employed and find jobs despite these felony convictions. So I don't know that that was a consideration that their ability to pay. I think it has more to do with the fact that Judge McCoskey could not make findings, which we do have on the record, about work not being performed. It's interesting also that we were a little bit of a disadvantage. There was some sort of negotiation process or bidding process that resulted in this company receiving this business from Abbott. And at no point do we submit to you that these two defendants intended to avoid doing the work, not do the work, etc. They established this company for this purpose and it was fraudulent. But at no time is there any intent on their part to not do the work contracted for. It is merely the establishment of this company that's fraudulent. They, we believe Abbott, got performance for their dollar. So that's a factor for you to consider is the intent of the defendants. Did you examine in preparing your brief, did you examine statutory definitions of property, deprivation, permanent deprivation, deception? Did you find anything in any of the provisions that support your argument that just because there's a value return for the payment of money you're not entitled to, there's still not a theft? Did you find anything that supports that argument? Your Honor, if I had, I think I would have wanted to argue it today and include it previously in what we have. Justice Burkett said money you're entitled to, which is a quantifier or a descriptive factor, do you accept the argument that your clients weren't qualified to accept the money? Because your answer seemed to indicate that you were not contesting the fact that your clients received monies unqualifiably or without qualification. Your Honor, you had me up until the very end. I don't want to put words in Justice Burkett's mouth, but he asked you about whether or not you did any research that you could find anything that would indicate that if your client receives money unqualifiably or, I think he meant without authority, that it would be okay. And your response was if I was able to find anything, I would have presented it today and by not contesting the hypothesis or hypothetical question, it would appear that you're admitting that your clients received monies that they were not qualified to accept. I think, and I'm glad you brought that up, because I think my answer would be that, you know, did I find those things that Justice Burkett asked? I did not. But we're looking at a situation where we're governed by the laws as written here, and what our argument is, is that even though these facts are as we've presented to you, that there has to be some permanent deprivation, not merely some possession on the part of these defendants. And because this work was done, and it can't be demonstrated to the contrary, we believe that this statute was not violated as it is written. We can argue about in fact, we don't really have much of an argument about the intent and what should be covered in the statute, but the way this is written, we argue, does not cover this particular situation. And for those reasons, we're asking you to overturn Judge Mikoski's rule. Any other questions? Thank you. We'll take the case under advisement.